Honorable Jim Mapel Criminal District Attorney Brazoria County Courthouse Angleton, Texas 77515
Re: Whether the mayor of a chapter 11 village is authorized to veto an ordinance or resolution adopted by the board of aldermen
Dear Mr. Mapel:
You have asked whether the mayor of a village organized pursuant to chapter 11 of Title 28, V.T.C.S., has the authority to "veto" an ordinance or resolution adopted by the board of aldermen. See V.T.C.S. arts. 1133-1153. You inform us that the village in question was organized pursuant to chapter 11, and that the board of aldermen of the village has never adopted the provisions of chapter 1 through 10 of Title 28, V.T.C.S. You also inform us that in the past the mayor of the village has utilized article 997, V.T.C.S., to "veto" ordinances or resolutions duly adopted by the board of aldermen.
As a preliminary matter, municipal corporations within this state are one of three types. Those municipal corporations organized under chapters 1 through 10 or chapter 11 of Title 28 are "general law cities" as distinguished from "home rule" cities that are organized pursuant to article XI, section 5, of the Texas Constitution. See Attorney General Opinion JM-169 (1984). Villages incorporated under chapter 11 have powers more limited than those organized under chapters 1 through 10. Id.
General law cities can exercise only those powers that are expressly or impliedly conferred by law, and such power will be implied only when such power is reasonably incident to those expressly granted or is essential to the object and purposes of the corporation. See City of West Lake Hills v. Westwood Legal Defense Fund, 598 S.W.2d 681, 683 (Tex.Civ.App.-Waco 1980, no writ). Article 997, V.T.C.S., which authorizes a mayor to "veto" resolutions and ordinances adopted by a city council, is found in chapter 3 of Title 28. See V.T.C.S. art. 997.
Although chapter 11 authorizes the adoption of chapters 1 through 10, see V.T.C.S. art. 961, you have informed us that the village in question has not done so. Article 997 does not authorize the mayor of a chapter 11 village to "veto" resolutions and ordinances adopted by the board of aldermen. Chapter 11 of Title 28 is devoid of any provision which expressly or impliedly confers such "veto" power on the mayor. Consequently, we conclude that the mayor of a village organized pursuant to chapter 11 of Title 28, V.T.C.S., does not have the authority to "veto" resolutions and ordinances adopted by the board of aldermen. This conclusion is consistent with Attorney General Opinion MW-394
(1981). In that opinion, this office held that a town organized pursuant to chapter 11 of Title 28, V.T.C.S., cannot utilize articles 998, 999, 999a, of chapter 3 of Title 28, without following the prerequisites of article 961. See generally Attorney General Opinion MW-394 (1981).
 SUMMARY
The mayor of a village organized pursuant to chapter 11 of Title 28, V.T.C.S., may not utilize article 997, V.T.C.S., to "veto" resolutions and ordinances adopted by the board of aldermen.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General